# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | IN THE THIRD JUDICIAL CIRCUIT |
| COUNTY OF ORANGEBURG ) | **COPY** |
| ) | |
| Tammy Smith, ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| ) | C/A No.: 2017-CP-38-00449 |
| vs. ) | |
| ) | |
| Orange Cut Rate Drugs, Inc. d/b/a Grove Park ) | |
| Pharmacy, ) | |
| Defendant(s) ) | |

| | |
|---|---|
| Submitted By: J. Paul Porter | SC Bar #: 100723 |
| Address: CROMER BABB PORTER & HICKS, LLC | Telephone #: 803-799-9530 |
| P.O. Box 11675 | Fax #: 803-799-9533 |
| Columbia, SC 29211 | E-mail: paul@cbphlaw.com |

### DOCKETING INFORMATION (Check all that apply)

☒ JURY TRIAL demanded in complaint.     ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

### NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20____-NI-_____ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| Warranty (160) | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☒ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) _____ | |
| ☒ Other (699) Gender Discrimination/Sexual Harassment; Defamation | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

CLERK OF COURT
ORANGEBURG COUNTY

Submitting Party Signature: _J. Paul Porter_    Date: March 23, 2017

SCCA / 234 (03/2016)                                                                     Page 1 of 2

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**



| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS FOR THE THIRD JUDICIAL CIRCUIT |
| COUNTY OF ORANGEBURG | CASE NO. 2017-CP-38-00449 |

Tammy Smith,

        Plaintiff,

v.

Orange Cut Rate Drugs, Inc. d/b/a Grove Park Pharmacy,

        Defendants.

**SUMMONS**

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

CROMER BABB PORTER & HICKS, LLC

BY: _____
J. Paul Porter (#100723)
1418 Laurel Street, Suite A
Post Office Box 11675 (29211)
Columbia, South Carolina 29201
Phone 803-799-9530
Fax      803-799-9533
Paul@cbphlaw.com

*Attorney for Plaintiff*

ATTEST: TRUE COPY

CLERK OF COURT
ORANGEBURG COUNTY, SC

March 23, 2017
Columbia, South Carolina

COPY

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ORANGEBURG | FOR THE THIRD JUDICIAL CIRCUIT |
| | CASE NO. 2017-CP-38-00449 |

Tammy Smith,

        Plaintiff,

v.

Orange Cut Rate Drugs, Inc. d/b/a Grove Park Pharmacy

        Defendants

**COMPLAINT**
(Jury Trial Demand)

## EMPLOYMENT CASE

Plaintiff, Tammy Smith, complaining of the Defendant alleges the foregoing:

### PARTIES & JURISDICTION

1. Plaintiff, Tammy Smith, is a citizen and resident of Orangeburg County, South Carolina.

2. Defendant, Orange Cut Rate Drugs, Inc., is a domestic corporation engaged in the businesses of pharmacy, home care, and hospice along with its related entities and joint employers Grove Park Pharmacy Home Care, LLC, and Grove Park Pharmacy Hospice, LLC. Defendant and its related entities and joint employers all are headquartered and located within Orangeburg County, South Carolina.

3. This action alleges pregnancy discrimination in violation of the Pregnancy Discrimination Act, sex discrimination violation of Title VII of the Civil Rights Act of 1964, as amended and disability discrimination in violation of the Americans with Disabilities Act Amendments Act (42 U.S.C. § 12101 *et seq.*)

4. Defendant has a sufficient number of employees to be subject to suit under Title VII, the PDA, and the ADAAA.

ATTEST: TRUE COPY

[signature]

CLERK OF COURT
ORANGEBURG COUNTY S.C.

1

5.  Plaintiff timely filed charges of discrimination with the South Carolina Human Affairs Commission (SHAC), and Equal Employment Opportunity Commission (EEOC).

6.  Plaintiff received her right to sue letters, and this action is timely filed.

7.  The events giving rise to this action occurred in Orangeburg County, South Carolina, the Defendant resides in Orangeburg County, South Carolina, and jurisdiction is proper.

## FACTUAL ALLEGATIONS

8.  Plaintiff was terminated by Defendant on February 4, 2016.

9.  Plaintiff, a woman, was pregnant and suffering from pregnancy complications (bleeding and cramping) at the time of her termination, and thus she is a member of classes protected by the PDA, Title VII and the ADAAA.

10. Defendant hired Plaintiff on October 4, 2010 as a Pharmacy Technician.

11. Plaintiff received a merit raise during her tenure, and never received any formal disciplinary actions during her employment.

12. Plaintiff did not receive annual performance evaluations.

13. Plaintiff met the legitimate expectations of Defendant throughout her employment.

14. Plaintiff became pregnant in December 2015.

15. Plaintiff had to leave Defendant for a number of OBGYN visits beginning in December, 2015 to attend to pregnancy complications (spotting and bleeding).

16. Plaintiff otherwise would have been at work during the time she went to Doctor's visits thus beginning in December and continuing thereafter complications from Plaintiff's pregnancy interfered with her ability to perform certain major life activities including working and lifting.

17. Plaintiff informed two supervisory pharmacists in January that she was pregnant and having pregnancy complications (bleeding and cramping).

18. Plaintiff left work early on February 2nd and 3rd for medical appointments associated with her pregnancy and pregnancy complications.

2

19. Plaintiff had available vacation time when she attended to these appointments, and her appointments did not cause an undue burden to Defendant.

20. Plaintiff provided her pharmacy manager, Demon Williams, a Doctor's Note on February 4, 2016.

21. Mr. Williams after receiving the note went to meet with Amy Union, a Pharmacist in Charge, who is said to be a decision maker with respect to Plaintiff's discharge.

22. He then returned to Plaintiff's work location. Forty-five minutes after giving Mr. Williams the Doctor's Note, Plaintiff was terminated by Mr. Williams on February 4, 2016.

23. Plaintiff asked Mr. Williams why she was being terminated, Mr. Williams gave no response other than to say "I was told to tell you this is your last day per Charles [Thompson, Defendant's Owner]"

24. The Owner Charles Thompson was out of state so it is dubious that Mr. Williams' statement that Thompson was the sole decision maker with respect to Plaintiff's discharge is true.

## FOR A FIRST CAUSE OF ACTION
(Pregnancy Discrimination)

25. Where not inconsistent herewith, Plaintiff realleges the foregoing.

26. Defendant, via Plaintiff's Pharmacy Manager Demon Williams, had shown prior animosity towards pregnancy and Plaintiff when pregnant. Specifically, after Plaintiff delivered her first child Mr. Williams unnecessarily and arbitrarily required Plaintiff to clock out each time she needed to pump breast milk, and required Plaintiff to pump breast milk in the bathroom.

27. Plaintiff met the legitimate expectations of her employer, the Defendant.

28. Plaintiff requested minor accommodations for her pregnancy, use of vacation time to attend to OBGYN appointments.

29. Defendant retaliated against Plaintiff because of her pregnancy and because she attended medical appointments regarding her pregnancy.

3

30. Defendant has not similarly discriminated against employees for using their vacation time for purposes other than pregnancy visits.

31. Plaintiff was discharged on the basis of her pregnancy.

32. The same constitutes a violation of the pregnancy discrimination act.

33. The Defendant proximately caused, and is liable for damages resulting from the same.

34. Those damages include: lost income, back pay, front pay, lost benefits, reputational harm, embarrassment, humiliation, diminished earning capacity and pain and suffering. Plaintiff is also entitled to punitive damages for the intentional wrongful conduct described hereinabove. Plaintiff is further entitled to attorney fees, costs, equitable relief including a clear personnel file and reinstatement, and pre-judgment interest on all damages awarded.

### FOR A SECOND CAUSE OF ACTION
(Sex Discrimination)

35. Where not inconsistent herewith Plaintiff realleges the foregoing.

36. Defendant has history of affording preferential treatment to men than women.

37. In fact, a similarly situated comparator to Plaintiff actually did engage in known unacceptable work place behavior (stealing time) and was not terminated; but rather, he was transferred.

38. Plaintiff on the other hand was discriminated against and held to harsher standards of discipline because of her sex and pregnancy.

39. Plaintiff was terminated on the basis of her sex.

40. The same constitutes unlawful sex discrimination in violation of Title VII.

41. The Defendant proximately caused, and is liable for damages resulting from the same.

42. Those damages include: lost income, back pay, front pay, lost benefits, reputational harm, embarrassment, humiliation, diminished earning capacity and pain and suffering. Plaintiff is also entitled to punitive damages for the intentional wrongful conduct described hereinabove. Plaintiff is

further entitled to attorney fees, costs, equitable relief including a clear personnel file and reinstatement, and pre-judgment interest on all damages awarded.

### FOR A THIRD CAUSE OF ACTION
(Disability Discrimination)

43. Where not inconsistent herewith, Plaintiff realleges the foregoing.

44. Plaintiff's pregnancy complications bleeding and spotting interfered with major life activities (lifting and working), and are therefore are a cognizable disability under the ADAAA.

45. Plaintiff was qualified for her job and met the legitimate expectations of her employer.

46. Plaintiff was able to do her job with or without reasonable accommodation.

47. Plaintiff requested reasonable accommodation to be able to use vacation time for doctor's visits.

48. Defendant terminated Plaintiff because she requested that reasonable accommodation and on the basis of her disability.

49. The same constitutes a violation of the ADAAA.

50. Defendant proximately caused, and is liable for damages resulting from the same.

51. Those damages include: lost income, back pay, front pay, lost benefits, reputational harm, embarrassment, humiliation, diminished earning capacity and pain and suffering. Plaintiff is also entitled to punitive damages for the intentional wrongful conduct described hereinabove. Plaintiff is further entitled to attorney fees, costs, equitable relief including a clear personnel file and reinstatement, and pre-judgment interest on all damages awarded.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendant for an appropriate amount of compensatory, actual and other damages including: damages for the loss of her earning capacity and future earnings, as well as back pay, benefits, emotional distress and metal suffering, appropriate equitable relief, attorneys' fees and the costs of this action. The Plaintiff is also entitled to

5

pre-judgment interest on all damages awarded, and punitive damages for the willful and wanton conduct described herein.

CROMER BABB PORTER & HICKS, LLC

BY: _____
J. Paul Porter (#100723)
1418 Laurel Street, Ste. A (Street Address)
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax    803-799-9533

March 22, 2017
Columbia, SC

6